IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 7:13-CR-22 (HL) |
| v. | : |
| RUSSELL LLOYD NORVELL | : |

**PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, on June 3, 2013, Defendant Russell Lloyd Norvell (hereinafter referred to as ADefendant@) pled guilty pursuant to a written Plea Agreement to, Count One of an Information charging the Defendant with Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B);

AND WHEREAS, the Indictment contained a Forfeiture Notice, pursuant to which the United States seeks forfeiture under 18 U.S.C. ' 2253, of specific property which was used, or intended to be used to commit, or to promote the commission of the aforesaid violation;

AND WHEREAS, the Court has determined, based on the evidence already in the record, and the evidence set forth in the Defendant=s Plea Agreement: (1) that Defendant has an ownership interest in the property listed below; (2) that the following property is subject to forfeiture pursuant to 18 U.S.C. ' 2253; and (3) that the United States has established the requisite nexus between the aforesaid offense and the following property:

(a) Any visual depictions of minors engaged in sexually explicit conduct, including but not limited to those visual depictions referred to in Count One;

(b) One (1) Hewlett Packard Pavilion P6716 desktop computer, Serial Number 3CR04918BL, containing a Seagate Barracuda, 1 TB, Serial ATA, hard drive, bearing Serial Number 5VP74WH1;

(c) One (1) Hewlett Packard Pavilion 500 desktop computer, Serial Number MX31142561, containing a Maxtor DiamondMax, 300 gigabyte, Integrated Drive Electronics, hard drive, bearing Serial Number L60XSX7G;

(d) One (1) Hewlett Packard 2 gigabyte thumbdrive; and

(e) One (1) DVD;

(hereinafter collectively referred to as the "subject property").

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Upon entry of this Order, the Secretary of the Treasury or his designee is authorized to seize the subject property, and to conduct proper discovery in identifying, locating or disposing of the subject property in accordance with FED. R. CRIM. P. 32.2(b)(3) and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

2. The United States shall publish notice of the Order and its intent to dispose of the subject property in such a manner as the Secretary of the Treasury or his designee may direct. The United States may also, to the extent practicable, provide

written notice to any person known to have an alleged interest in the subject property.

3. Any person, other than the above-named defendant, asserting a legal interest in the subject property must, within thirty (30) days after receipt of notice, or no later than sixty (60) days from the first day of publication on the official internet government forfeiture site, *www.forfeiture.gov*, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. ' 853(n), as incorporated by 18 U.S.C. ' 2253.

4. **Pursuant to FED. R. CRIM. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment**. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by FED. R. CRIM. P. 32.2(c)(2).

5. Any petition filed by a third-party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner=s right, title or interest in the subject property, the time and circumstances of the petitioner=s acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner=s claim and the relief sought.

6. After the disposition of any motion filed under FED. R. CRIM. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

7. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n) for the filing of third-party petitions, incorporated by 18 U.S.C. § 2253.

8. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to FED. R. CRIM. P. 32.2(e).

SO ORDERED, this __2nd__ day of __August__, 2013.

_s/Hugh Lawson_
HUGH LAWSON, SENIOR JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

PREPARED BY:

MICHAEL J. MOORE
UNITED STATES ATTORNEY

s/ DANIAL E. BENNETT
ASSISTANT UNITED STATES ATTORNEY
GEORGIA STATE BAR NO. 052683